FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2012 SEP 26 PM 5:03
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| MARY LIEBER and DAVID LIEBER, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ) <br> ) <br> ) <br> WAL-MART STORES EAST, LP, ) <br> ) <br> Defendant. ) | CIVIL ACTION NO. <br> 4:12-CV-00164-WTM-GRS |

## CONFIDENTIALITY ORDER

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect material entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, it is, pursuant to the Court's authority under Fed. R. Civ. P. 26(c)(1)(g) and by consent of the parties, **IT IS ORDERED** as follows:

1. **Non-disclosure of Stamped Confidential Documents.** Except with the prior written consent of the party or other person originally designating a document to be stamped as a confidential document, or as hereinafter provided under this Order, no stamped confidential document may be disclosed to any person. A "stamped Confidential Document" means any document which bears the legend (or which

shall otherwise have had the legend recorded upon it in a way that brings it to the attention of a reasonable examiner) "Confidential" to signify that it contains information believed to be subject to protection under Fed. R. Civ. P. 26(c)(1)(g). For purposes of this Order, the term "document" means all written, recorded, or graphic material, whether produced pursuant to Fed. R. Civ. P. 26(c)(1)(g), subpoena, by agreement, or otherwise. Interrogatory answers, responses to requests for admission, deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs that quote, summarize, or contain materials entitled to protection may be accorded status as a stamped confidential document, but, to the extent feasible, shall be prepared in such a manner that the confidential information is bound separately from that not entitled to protection.

2. **Permissible Disclosure**. Notwithstanding Paragraph 1, stamped confidential documents may be disclosed to counsel for the parties in this action who are actively engaged in the conduct of litigation involving *Mary Lieber, et al v. Wal-Mart Stores East, LP, et al*, United States District Court, Southern District of Georgia, Brunswick Division Civil Action No. 4:12-CV-00164-WTM-GRS, to the partners, associates, secretaries, paralegal assistants, and employees of

such counsel to the extent reasonably necessary to render professional service in such litigation; to persons with prior knowledge of the documents or the confidential information contained therein, and their agents; and to court officials involved in such litigation (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the Court). Subject to the provisions of subparagraph (c), such documents may also be disclosed:

A.   to any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper; and,

B.   to persons noticed for depositions or designated as trial witnesses to the extent reasonably necessary in preparing to testify; to outside consultants or experts retained for the purpose of assisting counsel in the litigation; to employees of parties involved solely in one or more aspects of organizing, filing, coding, converting, storing, or retrieving data or designing programs for handling data connected with this action, including the performance of such duties in relation to a computerized litigation support system; and to employees of third-party contractors performing one or more of these

functions; provided, however, that in all such cases the individual to whom disclosure is to be made has signed a form, with a copy of such form to be provided to counsel for Wal-Mart Stores East, LP, prior to production of the confidential documents or information, containing:

    (1)    a recital that the signatory has read and understands this Order;

    (2)    a recital that the signatory understands that unauthorized disclosures of the stamped confidential documents constitute contempt of Court, unless such disclosures are determined by the Court to be inadvertent or otherwise unintentional; and,

    (3)    a statement that the signatory consents to the exercise of personal jurisdiction by this Court.

C.    Before disclosing a stamped confidential document to any person listed in subparagraph (a) and (b) who is competitor (or an employee of a competitor) of the party that so designated the document, the party wishing to make such disclosure shall give

at least ten (10) days of advance notice in writing to the counsel who designated such information as confidential, stating the names and addresses of the person(s) to whom the disclosure will be made, identifying with particularity the documents to be disclosed, and stating the purposes of such disclosure. If, within the ten-day period, a motion is filed objecting to the proposed disclosure, disclosure is not permissible until the Court has denied such motion. The Court will deny the motion unless the objecting party shows good cause why the proposed disclosure should not be permitted.

3. **Declassification**. A party (or aggrieved entity permitted by the Court to intervene for such purpose) may apply to the Court for a ruling that a document (or category of documents) stamped as confidential is not entitled to such status and protection. The party or other person that designated the document as confidential shall be given notice of the application and an opportunity to respond. To maintain confidential status, the proponent of confidentiality must show good cause for the document to have such protection.

4. **Confidential Information in Depositions.**

A.  A deponent may during the deposition be shown and examined about confidential documents if the deponent already knows the confidential information contained therein or if the provisions of Paragraph 2 are complied with. Deponents shall not retain or copy portions of the transcript of their depositions which contain confidential information not provided by them or the entities they represent unless they sign the form prescribed in Para. 2. A deponent who is not a party or a representative of a party shall be furnished a copy of this Order before being examined about, or asked to produce, potentially confidential documents.

B.  Parties (and deponents) may, within thirty (30) days after receiving a deposition, designate pages of the transcript (and exhibits thereto) as confidential. Confidential information within the deposition transcript may be designated by underlining the portions of the pages that are confidential and marking such pages with the following legend: "Confidential – Subject to Protection Pursuant to Court Order." Under expiration of the thirty-day period, the entire deposition will be read as subject to protection against disclosure under this Order.

If no party or deponent timely designates confidential information in a deposition, then none of the transcript or its exhibits will be treated as confidential; if a timely designation is made, the confidential portions and exhibits shall be filed under seal separate from the portions and exhibits not so marked.

5. **Confidential Information at Trial.** Subject to Georgia laws of evidence, stamped confidential documents and other confidential information may be offered in evidence at trial or any court hearing, provided that the proponent of the evidence gives ten (10) days' advance notice to counsel for any party or other person that designated the information as confidential. Any party may move the Court for an order that the evidence be received *in camera* or under other conditions to prevent unnecessary disclosure. The Court will then determine whether the proffered evidence should continue to be treated as confidential information and, if so, what protection, if any, may be afforded to such information at the trial.

6. **Subpoena by Other Courts or Agencies.** If another court or an administrative agency subpoenas or orders production of stamped confidential documents that a party has obtained under the terms of this Order, such party shall promptly notify the party or other person

who designated the document as confidential of the pendency of such subpoena or order.

7. **Filing.** Stamped confidential documents need not be filed with the clerk except when required in connection with motions under Fed. R. Civ. P. 26(c)(1)(g) or other matters pending before the Court. If filed, they shall be filed under seal and shall remain sealed while in the office of the clerk so long as they retain their status as stamped confidential documents.

8. **Client Communication.** Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of stamped confidential documents; provided, however, that in rendering such advice and otherwise communicating with such clients, counsel shall not make specific disclosure of any item so designated except pursuant to the procedures of paragraphs 2(b) and (c).

9. **Prohibited Copying.** If a document contains information so sensitive that it should not be copied by anyone, it shall bear the additional legend "Copying Prohibited." Application for relief from this restriction against copying may be made to the Court, with notice to counsel so designating the document.

10. **Use.** Persons obtaining access to stamped confidential documents under this Order shall use the information only for preparation and trial of litigation involving *Mary Lieber, et al v. Wal-Mart Stores East, LP, et al* United States District Court, Southern District of Georgia, Brunswick Division Civil Action No. 4:12-CV-00164-WTM-GRS, (including appeals and retrials), and shall not use such information for any other purpose, including business, governmental, commercial, administrative, or judicial proceedings.

11. **Modification Permitted.** Nothing in this Order shall prevent any party or other person from seeking modification of this Order or from objecting to discovery that it believes to be otherwise improper.

12. **Responsibility of Attorneys.** The attorneys of record, or *pro se* parties, are responsible for employing reasonable measures, consistent with this Order, to control duplication of, access to, and distribution of copies of stamped confidential documents. Parties shall not duplicate any stamped confidential document except working copies and for filing in court under seal.

    A. No Waiver.

    B. Review of the confidential documents and information by counsel, experts, or consultants for the litigants in the litigation

shall not waive the confidentiality of the documents or objections to production.

C. The inadvertent, unintentional, or *in camera* disclosure of confidential document and information shall not, under any circumstances, be deemed a waiver, in whole or in part, of any party's claims of confidentiality.

13. Nothing contained in this Order and no action taken pursuant to it shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of the confidential documents and information sought.

**SO ORDERED**, this 26th day of September, 2012.

Magistrate Judge, United States District Court

**CONSENTED TO BY:**

BRANNEN SEARCY & SMITH, LLP

s/ Mark H. Glidewell
Mark H. Glidewell
Georgia Bar No. 297346

*Attorney for Plaintiffs*

Post Office Box 8002
Savannah, GA 31412

DREW ECKL & FARNHAM, LLP

s/ Jeffrey S. Ward
Hall F. McKinley
Georgia Bar No. 495512
Michael L. Miller
Georgia Bar No. 508011
Jeffrey S. Ward
Georgia Bar No. 737277

*Attorneys for Defendant*

777 Gloucester St., Suite 303
Brunswick, GA 31520
Tel. (912) 280-9662
Fax (912) 267-0654
Jward@deflaw.com